CHARRES *v.* ARROYO.

APPEAL from the District Court of San Juan.

No. 518.—Decided December 24, 1910.

ALLEGATION—ANSWER—SPECIFIC DENIAL OF ALLEGATIONS OF COMPLAINT.—Where the allegations contained in a sworn answer contradict the fundamental facts of the complaint in express and definite terms, it constitutes a specific denial.

RETROACTIVE EFFECT OF LAWS—RIGHTS ACQUIRED UNDER PRIOR LEGISLATION.— Laws are not retroactive in effect, unless they so expressly provide, but the retroactive effect of a law can in no case deprive a person of rights acquired under prior laws.

ID.—Rights originating in acts performed under the legislation prior to the Revised Civil Code are governed by the provisions of such prior legislation, even where the Civil Code regulates them in a different manner or does not recognize them at all.

ID.—FILIATION AND ACKNOWLEDGMENT OF NATURAL CHILDREN.—The filiation and acknowledgment of natural children are governed by the laws in force when they were born or conceived, and under which the acts that are supposed to have determined their acknowledgment were performed.

ID.—CAUSE OF ACTION.—In order that a complaint in a suit for filiation and acknowledgment of a natural child may be deemed to set forth a cause of action where the right of the plaintiff originated in acts performed under the Spanish Civil Code, it is necessary that it be alleged therein that there exists an unquestioned writing of the defendant father wherein he expressly acknowledges his paternity, or, in the absence of such a document, that the acts alleged in the complaint to have been executed by the father in acknowledgment of his child were determinant of the latter's continuous possession of the status of the natural child of the former.

ID.—POSSESSION OF STATUS OF NATURAL CHILD.—In order to prove the possession of the status of natural child, it is necessary that there should be a continuity of acts showing a person in the uninterrupted relation of natural child to a certain other person.

ID.—MAINTENANCE.—Where the obligation of the father to acknowledge the natural child has not been proven, the latter's right to be supported by the former cannot be recognized.

The facts are stated in the opinion.

Mr. Joseph Anderson, Jr., for appellant.

Mr. Juan Hernández López for respondents.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On May 19, 1908, Petrona Charres filed an amended and sworn complaint in the District Court of San Juan, Section 2, praying that judgment be rendered declaring that the infant, Rafael, acknowledged natural son of Francisco Arroyo Cestero, the defendant, enjoys all the rights inhering in the condition of a natural child, and, furthermore, that the plaintiff be declared entitled to recover from said defendant the sum of $3,000 for maintenance furnished to her aforesaid child from the date of his birth, the costs of the suit to be taxed against the defendant.

As cause of action the plaintiff alleges the following facts:

1. That in the year 1898, she being single and about 17 to 18 years old, she sustained amorous relations with the defendant, who at the time was also unmarried, and had seduced her under promise of marriage, she living with him in concubinage for several months.

2. That as a result of this concubinage, on April 14, 1899, the plaintiff gave birth to a son, who was named Rafael, the defendant admitting him as his child.

3. That at the time of the conception of the child, Rafael, the plaintiff and the defendant were both qualified to contract marriage, with or without dispensation.

4. That since the birth of the child, Rafael, the plaintiff has supplied all that was necessary for his nourishment, shelter, clothing and medical attendance, the defendant having failed to give the plaintiff any allowance whatever for the support of said child, although he was under obligation to do so

from the day of its birth, she estimating the expenses incurred by her for that purpose in the sum of $3,000.

The defendant, Francisco Arroyo, demurred to the complaint on the grounds: (1) That Petrona Charres lacked legal capacity to sue, inasmuch as in entering an appearance she did not do so in the capacity of the mother of a natural child acknowledged by the defendant; (2) that the complaint does not state facts sufficient to constitute a cause of action.

The demurrer having been overruled, the defendant filed an unsworn answer to the complaint, making a general and specific denial of the material allegations thereof, and alleging by way of defense: That he was not the father of any child had by the plaintiff; that he had performed no act in acknowledgment of any child had by the plaintiff; and that he has never contracted the obligation to support or maintain any child of the plaintiff, closing with the prayer that the complaint be dismissed in each and every one of its parts, with costs against the plaintiff.

Before the trial took place the party defendant filed a sworn copy of the answer he had previously made, and the court, overruling a motion of the plaintiff that the case be adjudged upon its merits, dismissed the complaint without any special imposition of costs, on the ground that the facts and the law were against the plaintiff, not only with respect to the acknowledgment of the child by the defendant, but also as to the civil liability of the latter for the maintenance of the child.

From this judgment the plaintiff took an appeal to this Supreme Court, which is now awaiting our consideration and decision.

In her brief the plaintiff sets out as legal grounds of her appeal, the following:

1. That the plaintiff is perfectly entitled to a judgment on the merits of the allegations contained in the record, since the answer cannot be considered as such owing to the absence

of a specific denial of the facts, as required by section 110, paragraph 2, of the Code of Civil Procedure, and this must be taken as an implied admission of the allegations of the complaint, according to section 132 of said Code.

2. That, considering the facts which the lower court held to have been proven in the opinion that serves as a basis for the judgment, the law, as set forth in section 189 of the Civil Code in force, should have been applied.

3. That, inasmuch as the defendant was under obligation to support his acknowledged child, Rafael, and this support was furnished by the mother, the latter is entitled to recover from the defendant.

Let us examine the three questions raised in the brief. As to the first of these, we understand that the sworn answer of the defendant, viewed both as an answer and as a defense, contains a specific denial of the facts alleged in the complaint, for he denies that he has had any child by the plaintiff, he denies that he has performed any act of acknowledgment of any child had by her, and he denies that he has contracted any obligation to support or maintain any child of the plaintiff.

These allegations of the answer contradict, under oath, in an express and positive manner, the fundamental facts alleged in the complaint, and considering the terms of said answer, it cannot be legally held that the defendant has admitted the material facts of the complaint, and that by reason of such admission judgment should be rendered in favor of the plaintiff.

But even in the supposition that the defendant had admitted the fundamental or material facts of the complaint, the complaint could not be sustained, because the facts on which it is based do not constitute a cause of action, as we shall proceed to show.

In the first place, it is necessary to determine definitely the jurisprudence or law applicable to the case.

We are of the opinion that the Spanish Civil Code, which was in force in this Island from 1889 to 1902, should be ap-

plied, since all the facts alleged in the complaint are said to have been accomplished during that period of time.

The Revised Civil Code itself, under section 3, provides that laws shall not have a retroactive effect, unless they expressly so declare and in no case shall the retroactive effect of a law operate to the prejudice of rights acquired under previous legislative action.

Consistently with the foregoing provision, the same Code prescribes, under rule 1 of the temporary provisions for its application, that rights originating under the legislation previous to the Revised Code, from acts which took place while it was in force, shall be governed by the previous legislation, even though the said Code regulates them in a different manner or does not recognize them at all.

In view of such conclusive provisions, there can be no doubt that the filiation and recognition of the child, Rafael, should be governed by the provisions of the Spanish Civil Code, since under its rule he was conceived and born, and under that rule the acts took place which are presumed to determine the recognition sought.

The provisions of the Spanish Code applicable to the recognition in question are contained in article 135, the pertinent portion whereof reads:

"Article 135.—The father is obliged to acknowledge the natural child in the following cases:

"1. When an indisputable paper written by him, expressly acknowledging his paternity, is in existence.

"2. When the child is in uninterrupted enjoyment of the status of a natural child of the defendant father, borne out by the direct acts of the said father or of his family."

Inasmuch as it is not alleged in the complaint that the defendant had, in an indisputable paper written by him, acknowledged the child, Rafael, nor do the acts which, according to said complaint, were executed by the defendant with reference to Rafael, determine an uninterrupted enjoyment of

the status of a natural child by said Rafael with respect to Francisco Arroyo Cestero, it is evident that the obligation mentioned in article 135 above transcribed of the old Civil Code, enforcible only in the cases specified therein, cannot be deduced from the facts stated in the complaint.

According to a judgment of the Supreme Court of Spain, rendered on June 28, 1895, the enjoyment of the status of a natural child requires the continuation of acts which reveal that a person is in the uninterrupted relation of a natural child to another designated person, and this has not been alleged nor proven in the present case.

Not even adhering to the facts which in its opinion the court below has held to have been proven, could article 135 of the old Spanish Code be made to apply, since section 187 of the Revised Civil Code is not applicable to the case at bar for the reasons hereinbefore set forth.

The judge below, in his opinion, says:

"From the evidence introduced it appears that about the time of the bombardment, the defendant and the plaintiff began to sustain illicit relations, and that she who had before lived in San Juan, removed to a house near the town of Bayamón, whose rent for a period of several months was paid by the defendant, he visiting the plaintiff there very frequently. It is rather difficult to determine whether or not there was a promise of marriage. * * *. The defendant married on December 25, 1898, that is, three months before the birth of the child. Evidence has been introduced to show that the defendant had paid the expenses or part of the expenses of the childbirth, and, furthermore, that he had attended to the maintenance of the child during the first five or six months of its life, and that when the child was about six months old, all relations of every sort whatsoever that had existed between the defendant and the plaintiff were broken off. * * * . In the present suit, from the preponderance of evidence, the court is in a position to determine that during the year 1898 the defendant and the plaintiff sustained illicit relations. * * *. It has not been shown to the satisfaction of the court that the parties had at any time lived as man and wife under the same roof. Nor has it been shown that after the birth of the child the defendant had ac-

knowledged it as his own, either under the Code of 1889 or under that of 1902.

"All the facts subject to evidence in this case occurred from about May, 1898, to about October, 1899. The evidence referring to them was neither abundant, definite, nor clear. With such evidence it is impossible to determine the paternity of a child."

We accept this finding on the evidence, and it cannot lead us to the conclusion that the defendant is obliged to acknowledge the child, Rafael, as his son, for the latter does not come under any of the cases specified in the Civil Code in force at the date of his birth and when the acts upon which such acknowledgment could be based were accomplished, namely, between 1898 and 1899. Neither has there been an indisputable written acknowledgment by the defendant, nor an uninterrupted enjoyment of the status of a natural child, with respect to the defendant, by the boy, Rafael. And so the second ground of the appeal is disposed of.

With respect to the third ground, we are of the opinion that since there is no legal reason for compelling the defendant to acknowledge the child as his own, neither can the right of the latter to support by the defendant be admissible, and therefore, the reimbursement of $3,000 demanded by the plaintiff for such support is not tenable; however, we shall not discuss herein the question as to whether or not the reimbursement should be allowed in case the acknowledgment sought were obligatory.

For the foregoing reasons we are of opinion that the judgment appealed from should be affirmed, without special imposition of costs.

*Affirmed.*

Mr. Justice MacLeary concurred.

Justices Wolf and del Toro signed, but noting that they concurred only in the judgment.